UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLEN WHITE,

    Plaintiff,

v.                                                               Case No. 8:07-cv-300-T-TBM

MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,

    Defendant.
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant's Motion to Dismiss Plaintiff's Complaint** (Doc. 11) . By his motion, the Commissioner seeks an order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. As grounds, the Commissioner argues that judicial review is unavailable to her because she failed to exhaust her administrative appeal remedies. In particular, Plaintiff failed to appear for her hearing, and the Administrative Law Judge ("ALJ") dismissed Plaintiff's request for a hearing instead of issuing a hearing decision.

I.

The procedural history of this case establishes that Plaintiff was previously awarded Supplemental Security Income payments. On July 23, 2004, the Social Security Administration ("SSA") notified Plaintiff that because her health had improved, she was

no longer disabled and her benefits would cease.  Plaintiff requested reconsideration of this decision, and the SSA upheld its decision.  Plaintiff then requested a hearing before an ALJ.  According to Plaintiff, she listed her address as 4943 Hillsborough Ave., Lot 37, Tampa, FL 33610.

Also according to Plaintiff, in October 2004 she advised the SSA of her change of address from the address on Hillsborough Avenue to P.O. Box 11417, Tampa, FL 33680-1417.  While she does not have proof of this correspondence, she submits a notice from the SSA sent to this new address in November 2005.  Plaintiff asserts that she did not receive the telephone messages purportedly left by a SSA employee, and she does not know why information sent to her P.O. box was returned to SSA.  Plaintiff argues that the notice was defective because it was sent to the Hillsborough Avenue address and not to her P.O. box, and the ALJ erroneously dismissed her request for hearing.  Plaintiff cites to McNatt v. Apfel, 201 F.3d 1084 (9th Cir. 2000), in support of her position that the district court has jurisdiction to determine whether the dismissal of the claimant's request for hearing was appropriate even though a "hearing" was not actually held.

By the Commissioner's account, when Plaintiff requested a hearing before an ALJ, she gave her Hillsborough Avenue address and a telephone number.  In May 2006, an employee in the hearing office called Plaintiff at the given telephone number and also at a telephone number Plaintiff had given for her daughter.  Messages were left in each call but neither call was returned.  The officer then sent to the Post Office an Address Information Request concerning the Hillsborough Avenue address, which was returned with the

comment "not known at address given." In June 2006, the officer sent a second such request concerning the P.O. box, which was returned with the comment "Not known at address given."

On July 21, 2006, a Notice of Hearing was mailed to the Hillsborough Avenue address and returned with the envelope stamped "Attempted, Not Known." On August 25, 2006, the ALJ issued a Notice of Dismissal, which was also mailed to the Hillsborough Avenue address. On September 5, 2006, Plaintiff filed a Request for Review of the dismissal, indicating that she never received a notice of hearing. The request listed the P.O. box as her address. In December 2006, the Appeals Council denied Plaintiff's request for review.

Plaintiff filed the instant action on February 16, 2007, seeking review of the Appeals Council's decision affirming the ALJ's dismissal. Plaintiff asserts that the dismissal of disability benefits by the Appeals Council constitutes a final decision of the SSA and that she continues to be disabled as defined by the Social Security Act. In lieu of filing an answer, the Commissioner filed the instant motion to dismiss.

II.

The United States is immune from suits, except as it specifically consents to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 433 U.S. 206, 212 (1983); United States v. Sherwood, 312 U.S. 584 (1941). Before this court can entertain the Plaintiff's suit as

against the Commissioner, it must find that Congress has made a clear and unequivocal waiver of immunity that will allow such a lawsuit against the Social Security Administration. This court's jurisdiction to review cases arising under Title XVI of the Act is provided for and expressly limited by §§ 205(g) and 205(h) of the Act. 42 U.S.C. 405(g), (h). The jurisdiction provided by these statutes is limited and exclusive. At 42 U.S.C. § 405(g), the statute states in pertinent part:

> Any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [Commissioner] may allow.

Id. Subsection 405(h) states, "The findings of the decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the [Commissioner] shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Id. at § 405(h). Thus, the Act clearly limits the nature of suits that can be brought against the Social Security Administration to those involving judicial review of the final decision of the Commissioner. Until Plaintiff has exhausted his full administrative remedies and a final decision has been rendered by the Commissioner, this court is without jurisdiction to entertain this Complaint. Bowen v. City of New York, 476 U.S. 467, 481 (1986); Weinberger v. Salfi, 422 U.S. 749, 764 (1975).

Here, the parties do not dispute that a hearing before the ALJ did not occur because of Plaintiff's nonappearance. The Commissioner proffers the SSA's attempts to

notify Plaintiff of her hearing date by telephone and by mail, and he argues that because Plaintiff failed to exhaust her administrative remedies, the court lacks jurisdiction to hear this case. The Plaintiff urges that she did not receive a proper notice of hearing. Citing to McNatt v. Apfel, 201 F.3d 1084 (9th Cir. 2000), Plaintiff argues that the court has jurisdiction to determine whether the Commissioner wrongfully denied a a hearing or wrongfully dismissed a claimant's request for hearing even though a "hearing" was not actually held.

In McNatt, the claimant's attorney appeared at a hearing without his client and requested a continuance of the hearing. The ALJ treated counsel's inability to proceed without his client as a nonappearance by the claimant, notwithstanding counsel's physical presence. Subsequently, the ALJ issued a Notice to Show Cause, to which the claimant failed to respond and thereafter, the ALJ dismissed the claimant's request for hearing. The claimant appealed the dismissal to the Appeals Counsel, which denied his request for review. The claimant then filed an action in district court, seeking an Order to compel the SSA to grant him a hearing. Concluding that McNatt has not received a "final judgment . . . after hearing," the district court found that he had not exhausted his administrative remedies and dismissed the case for lack of subject matter jurisdiction. See id. at 1086.

Construing the term, "hearing," broadly, the Ninth Circuit determined that the ALJ had dismissed the claimant's request for hearing in violation of governing regulations, and the district court erred in dismissing the action for lack of jurisdiction to review the decision of the ALJ. The Ninth Circuit followed its prior holding that "a claimant who

5

simply refuses to attend a hearing either personally or through counsel, is not entitled to judicial review of a dismissal for failure to attend." Id. at 1087 (following Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1992)).  By this precedent, a claimant who refuses to participate in a hearing forfeits judicial review.  In McNatt, however, the claimant did appear at his hearing through counsel and the claimant was an essential witness, so the ALJ should have offered to postpone the hearing rather than denying the claimant a hearing.  McNatt, 201 F.3d at 1088.  The Ninth Circuit thus held that "when a claimant has appeared before the ALJ and sought a continuance of his or her hearing, and when the ALJ's decision denying the claim is final except for modification or reversal on appeal, claimant has had a hearing within the meaning of § 405(g)," and the district court had jurisdiction to review the decision of the ALJ.  Id. at 1087.

In a subsequent decision, the Ninth Circuit distinguished McNatt from instances where the claimant has failed to appear for the hearing, either personally or through counsel.  See Subia v. Comm'r of Soc. Sec., 264 F.3d 899 (9th Cir. 2001).  Other courts have also noted this distinction.  See Hilmes v. Sec'y of Health & Human Servs., 983 F.2d 67, 69 (6th Cir. 1993); Suciu v. Barnhart, 405 F. Supp. 2d 874 (M.D. Tenn. 2005).  The Supreme Court has also found that exhaustion under § 405(g) literally requires a "final decision of the Secretary made after a hearing," and that finality required for judicial review is achieved only after a hearing before an ALJ.  Weinberger, 422 U.S. at 764.[1]

---

[1]The Social Security Act provides an exception this final decision requirement for colorable constitutional challenges to otherwise unappealable orders.  See Califano v. Sanders, 430 U.S. 99, 108 (1977).

In the circumstances of this case, it is undisputed that a hearing was not conducted due to Plaintiff's nonappearance, and the ALJ's dismissal of the request for hearing is not the type of final order that is susceptible to judicial review. Given the court's limited jurisdiction to hear cases arising under the Act, the court is without authority to consider whether the ALJ erred by dismissing Plaintiff's request for hearing. Plaintiff has failed to demonstrate otherwise.

III.

Accordingly, the **Defendant's Motion to Dismiss Plaintiff's Complaint** (Doc. 11) is **GRANTED**, and Plaintiff's Complaint (Doc. 1) is **DISMISSED.** The Clerk is directed to close the file.

**Done and Ordered** in Tampa, Florida, this 19th day of October 2007.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record